USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 0 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KENNETH ENG,

                Plaintiff,

                -v-

LAURA PODOLNICK et al.,

                Defendants.

------------------------------------------------------------X

14-cv-4675 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On June 12, 2014, pro se plaintiff Kenneth Eng ("plaintiff") filed this action seeking $10,000 in damages stemming from alleged violations of his copyright in "The 0th Dimension," a screenplay he wrote some years ago. (ECF No 2.) Plaintiff's complaint is replete with racist and anti-Semitic epithets and other insults aimed at defendants.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may on its own initiative strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has considerable discretion to strike such material, G.L.M. Sec. & Sound, Inc. v. LoJack Corp., No. 10–CV–4701 (JS)(ARL), 2012 WL 4512499, at *7 (E.D.N.Y. Sept. 28, 2012) (citing Rochester-Genesee Reg'l Transp. Auth. v. Hynes-Cherin, 531 F. Supp. 2d 494, 519 (W.D.N.Y. 2008)), though it must have a "strong reason for doing so," G-I Holdings, Inc. v.

Baron & Budd, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002) (quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976)).

Matter should not be stricken from a pleading unless it "clearly can have no possible relation to the matter in controversy." TouchTunes Music Corp. v. Rowe Int'l Corp., No. 07 Civ. 11450, 2010 WL 3910756, at *4 (S.D.N.Y. Oct. 5, 2010) (quotation and internal quotation marks omitted); see also Mikropul Corp. v. DeSimone & Chaplin-Airtech, Inc., 599 F. Supp. 940, 945 (S.D.N.Y. 1984). Even when matter in a pleading is relevant to the controversy, it may nevertheless be stricken if it is scandalous. Cabble v. Rollieson, No. 04CIV9413LTSFM, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006) (citing Gleason v. Chain Serv. Rest., 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969)). An allegation is scandalous if it "reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." Wermann v. Excell Dentistry, P.C., No. 13 Civ. 7028(DAB), 2014 WL 846723, at *5 (S.D.N.Y. Feb. 25, 2014) (quoting Cabble, 2006 WL 464078, at *11).

The racist, anti-Semitic, and insulting language in plaintiff's complaint is immaterial, impertinent, and scandalous—it is repugnant as a general matter, and also entirely irrelevant to any determination as to whether defendants infringed plaintiff's copyright in "The 0th Dimension." The Court notes that plaintiff has been repeatedly warned of the consequences of continually filing frivolous actions in the Eastern District of New York and the Southern District of New York. See Eng v. Creators of the Philosoraptor Website, 14-cv-4948 (LAP) (S.D.N.Y. Sept. 16, 2014).

If plaintiff wants this Court to consider his copyright infringement claim on the merits, the language in his pleadings and submissions must be respectful and dignified.

Accordingly, pursuant to Rule 12(f), the Court strikes the last four paragraphs of part III of plaintiff's complaint.  Plaintiff shall file an amended complaint not containing the stricken portions or any other racist, anti-Semitic, or insulting language not later than fourteen (14) days after the issuance of this Order. Failure to comply with this Order either with regard to the deadline for filing an amended complaint or with regard to the substance of the amended complaint will result in the dismissal of this action with prejudice.

The Clerk of Court is directed to remove plaintiff's initial complaint (ECF No. 2) from ECF.

SO ORDERED.

Dated:      New York, New York
            October 20, 2014

                                            _____
                                            KATHERINE B. FORREST
                                            United States District Judge

Copy to:

Kenneth Eng
P.O. Box 527 315
Flushing, NY 11352